# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KLENE, | CASE NO. 1:09-cv-01866 DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| K. HARRINGTON, | (Doc. 1) |
| Defendant. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff John Klene, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 23, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice," <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v.
3  Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge
4  unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal
5  quotation marks and citation omitted).  While factual allegations are accepted as true, legal
6  conclusion are not.  <u>Iqbal</u>, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  <u>Iqbal</u> at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Iqbal</u> at 1949-50; <u>Moss</u> at 969.

## II.  **Ex Post Facto Clause**

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano and names Warden Kelly Harrington as defendant in this action.

Plaintiff alleges that in 1999, when Plaintiff received a restitution fine, California Penal Code § 2085.5 prohibited deductions from being made from an inmate's wages and trust account for a restitution order if the victim had not filed an application with the Victim Compensation Board.  Pursuant to a post-conviction amendment to §2085.5, a victim is no longer required to file an application with the Victim Compensation Program in order to receive money from the program, and to begin the collection process.  Plaintiff alleges that as a result of the amendment, the California Department of Corrections and Rehabilitation has enforced this law and taken funds from him.  Plaintiff alleges a violation of the Ex Post Facto Clause.

The amendment to § 2085.5 does not violate the Ex Post Facto Clause because it does not impose additional punishment on Plaintiff.  <u>Russell v. Gregoire</u>, 124 F.3d 1079, 108597 (9th Cir. 1997).  It does not change or increase the amount Plaintiff owes pursuant to a  restitution order; rather, it makes collection of restitution orders from prison inmates automatic, without first requiring a victim to file a claim for restitution in order to receive the money owed.  Plaintiff fails to state a

claim for violation of the Ex Post Facto Clause.

### III.     Conclusion and Order

Plaintiff's complaint fails to state a claim under section 1983. The deficiency is not curable, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and therefore, this action is DISMISSED, with prejudice, for failure to state a claim. The Clerk of the Court SHALL enter judgment against Plaintiff.

IT IS SO ORDERED.

Dated:     **December 1, 2009**                     /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE